UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAMOR WHITEHEAD,

                       Plaintiff,

                       -against-

GRANT & WEBER, INC.,

                       Defendants
------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**
22-CV-06517 (JMA) (JMW)
22-CV-06524 (JMA) (JMW)

**APPEARANCES:**

Brian L Ponder
**Brian Ponder LLP**
745 Fifth Avenue
Suite 500
New York, NY 10151
*For Plaintiff Lamor Whitehead*

Dana Brett Briganti
**Hinshaw & Culbertson LLP**
800 Third Avenue
13th Floor
New York, NY 10022
*For Defendant Grant & Weber, Inc.*

**WICKS,** Magistrate Judge:

       This *sua sponte* Report and Recommendation addresses two separate, yet practically identical actions: *Whitehead v. Grant & Weber, Inc.*, 2:22-cv-06517-JMA-JMW ("6517 Action"), and *Whitehead v. Grant & Weber, Inc.*, 2:22-cv-06524-JMA-JMW ("6524 Action,") (collectively the "Whitehead Actions").

       Plaintiff Lamor Whitehead commenced the Whitehead Actions on September 28, 2022, and September 30, 2022, against Defendant Grant & Weber, Inc. in the Suffolk County Supreme

Court for the State of New York. (*See* DE 1.) Plaintiff's Complaints allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and relevant New York state law. (*Id.*) Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants removed the action to federal court. (*Id.*)

Having reviewed the allegations of the one-page Complaints, this Court issued Orders to Show Cause on October 31, 2022 (in the 6524 Action) and November 30, 2022 (in the 6517 Action),[1] directing Defendant—the party bearing the burden of establishing federal subject matter jurisdiction on removal[2]—to show cause as to why the undersigned should not recommend to the District Judge that the case be remanded to the Supreme Court of the State of New York, Suffolk County for lack of subject matter jurisdiction. (*See* 6524 Action Electronic Order, dated Oct. 31, 2022; 6517 Action Electronic Order, dated Nov. 30, 2022.) Specifically, in light of the Supreme Court's holding in *TransUnion LLC v. Ramirez*, ___ U.S. ___, 141 S. Ct. 2190, 2203 (2021), the responses were to address whether Plaintiff had alleged concrete, particularized injury in fact from the statutory violations alleged in the Complaint or any other basis sufficient to confer Article III standing and subject matter jurisdiction in federal court. (*Id.*)

---

[1] The 6517 Action was originally assigned to Judge Joan M. Azrack and Magistrate Judge Steven Tiscione. The 6524 Action was originally assigned to Judge Kiyo A. Matsumoto and the undersigned. Upon Defendant's request, and in furtherance of judicial economy, the Whitehead Actions were marked related and both assigned to Judge Joan M. Azrack and the undersigned.

[2] *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Sprout Mortgage LLC v. Consolidtaed Analytics, Inc.*, 21-cv-04415 (JMA) (JMW) (E.D.N.Y. Aug. 17, 2021) (defendant bears burden of establishing existence of federal subject matter jurisdiction upon removal); *Pires v. Heller*, No. 04 CIV. 9069 (RJH), 2004 WL 2711075, at *1 (S.D.N.Y. Nov. 24, 2004) ("In order for removal to be considered proper, the removing party must demonstrate that this Court is endowed with the requisite subject matter jurisdiction") (quotes omitted).

Defendant filed identical responses to the Court on November 7, 2022, in the 6524 Action (DE 8) and on December 7, 2022, in the 6517 Action (DE 9) (collectively the "OSC Response"). Nothing has been filed by Plaintiff.

Defendant seeks a pre-motion conference for a motion to dismiss in both cases. (DE 6.) Additionally, as of December 27, 2022, the 6524 Action has been referred to participate in the Court Annexed Arbitration Program pursuant to Local Civil Rule 83.7(d). (DE 10.)

## **DISCUSSION**

The U.S. Constitution confines federal courts to only resolve only real cases and controversies. U.S. Const. art. III. To establish Article III standing, plaintiffs must show that they have suffered concrete harm. *TransUnion LLC v. Ramirez*, ___ U.S. at ___, 141 S. Ct. 2190, 2200 (2021); *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

"District courts following *TransUnion* and *Maddox* assessing claims brought pursuant to both the FCRA and the Fair Debt Collection Practices Act ('FDCPA'), 'an analogous statute,' have uniformly held that absent specific allegations of reputational or monetary harm, plaintiffs lack constitutional standing." *Spira v. Trans Union*, LLC, No. 21-CV-2367 (KMK), 2022 WL 2819469, at *4 (S.D.N.Y. July 19, 2022) (internal citations omitted) (collecting cases). The most obvious harms are tangible monetary or physical harms. *E.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). But harms need not always be tangible in nature. *See TransUnion LLC*, 141 S. Ct. at 2208 (finding plaintiffs sufficiently alleged standing in a Fair Credit Reporting Act case because TransUnion LLC had provided third parties with credit). However, "mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *Id.*

Since *TransUnion*, it has been held that "[a] lowered credit score in and of itself is not a concrete harm." *Zlotnick v. Equifax Info. Servs.*, LLC, 583 F. Supp. 3d 387, 392 (E.D.N.Y. 2022). Allegations of an improper notation on a credit report or a credit score reduction is insufficient unless coupled with allegations of dissemination to third parties. *Id.* However, credit reporting agencies, such as Equifax and TransUnion, "are not the type of third parties contemplated by the Supreme Court in *TransUnion*," but rather, "the Supreme Court clearly contemplated potential creditors. . ." *Spira v. Trans Union*, LLC, No. 21-CV-2367 (KMK), 2022 WL 2819469, at *4 (S.D.N.Y. July 19, 2022).

Defendant does not dispute that without a concrete injury, a lawsuit such as this cannot proceed in federal court. (OSC Response at 1.) However, Defendant contends that Plaintiff's allegations, found within the one-page Complaints, are sufficiently concrete and particularized to confer standing. (*Id.*) Defendant argues that these allegations include that Defendant attempted to collect certain sums from Plaintiff and falsely reported the debt to TransUnion, resulting in Plaintiff incurring costs, attorney's fees and to suffer emotional distress. (*Id.* at 1-2.) Further, Plaintiff seeks actual, statutory, and punitive damages. (*Id.*) Defendant also relies on statements made by Plaintiff's counsel, once via letter prior to service of the Complaints, and again after removal of this action, that Defendant's conduct has caused Plaintiff "significant damages, including delay in refinancing properties." (*Id.*) Defendant urges the Court to consider this extrinsic information in its jurisdictional analysis. (*Id.*) (citing *Anjani Sinha Med. P.C. v. Empire HealthChoice Assurance, Inc.*, No. 21-CV-138 (RPK) (TAM), 2022 WL 970771, at *2 (E.D.N.Y. Mar. 31, 2022).

Even considering this external material, standing cannot be salvaged here. Conclusory allegations of injury and nebulous claims of emotional harm, like the ones found in Plaintiff's

4

Complaints, are insufficient to confer standing. *See Maddox*, 19 F.4th at 65 (rejecting claims of emotional distress because it was "not alleged that this purported risk [of securing a loan with a lower credit score] materialized; so it is similarly incapable of giving rise to Article III standing"); *Zlotnick*, 583 F. Supp. 3d at 391 (dismissing FCRA action for failure to allege Article III standing based on allegations of "mental and emotional pain"); *Lodhi v. JHPDE Fin. 1, LLC*, No. 22CV05434JMAJMW, 2022 WL 17363935, at *2 (E.D.N.Y. Oct. 21, 2022), *report and recommendation adopted*, No. 22CV5434JMAJMW, 2022 WL 17361233 (E.D.N.Y. Dec. 1, 2022) (remanding FCRA action where conclusory allegations of dissemination, "without more, do not amount to allegations of actual dissemination as required to pass muster under *TransUnion*").

Here, Plaintiff merely alleges that Defendant falsely reported a debt to TransUnion, Defendant attempted to collect that debt, and as a result, Plaintiff suffered emotional distress and incurred costs and fees. (*See* DE 1.) Recent case law following *TransUnion* is clear that these bare-bone allegations are insufficient to confer standing. *See Zlotnick*, 583 F. Supp. 3d at 392; *Spira*, 2022 WL 2819469, at *4; *Charles v. TransUnion, LLC*, No. 19-CV-3579 (WFK) (ST), 2022 WL 4539693, at *2 (E.D.N.Y. Sept. 28, 2022) (dismissing FRCA action based on conclusory allegations of damages to reputation, embarrassment, humiliation and other mental and emotional distress as failing to "demonstrate concrete or particularized harm"); *Gross v. Transunion, LLC*, No. 21-cv-1329 (BMC), 2022 WL 2116669 at *3-4 (finding TransUnion's alleged credit error did not cause plaintiff "concrete and particularized harm" because the alleged harms were "not expenses, costs, any specific lost credit opportunity, or specific emotional injuries").

Plaintiff's allegations that Defendant falsely reported the debt to TransUnion, a credit reporting agency, does not confer standing because dissemination to TransUnion does not qualify as dissemination to a third party. *See Spira*, 2022 WL 2819469, at *4. And, for the reasons stated

5

above, any statement by Plaintiff's counsel that Defendant's actions caused Plaintiff damage by delaying financing opportunities, the same is far too vague and nebulous under the case law to allege standing here.

The allegations in Plaintiff's Complaints fail to "plead enough facts to make it plausible that [plaintiff] did indeed suffer the sort of injury that would entitle them to relief" for the purposes of Article III jurisdiction. *Maddox*, 19 F.4th at 65. Therefore, Plaintiff's Complaints do not satisfy the injury-in-fact requirement of Article III and the Court lacks subject matter jurisdiction over Plaintiff's FDCPA claims.

## CONCLUSION

For the foregoing reasons, the Defendant has failed to establish that Plaintiff has alleged a concrete, particularized injury. Accordingly, the undersigned respectfully recommends that *Whitehead v. Grant & Weber, Inc.*, 2:22-cv-06517-JMA-JMW and *Whitehead v. Grant & Weber, Inc.*, 2:22-cv-06524-JMA-JMW be remanded to Suffolk County Supreme Court for the State of New York. Further, to the extent the 6524 Action has been referred to arbitration, the undersigned respectfully recommends that any arbitration proceedings be stayed pending the review of this *sua sponte* Report and Recommendation.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude

further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
       December 30, 2022

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge