UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAMOR WHITEHEAD,<br><br>                        Plaintiff,<br><br>- against –<br><br>GRANT & WEBER, INC.,<br><br>                        Defendant. | Docket No. 2:22-cv-06517-JMA-JMW |

**DEFENDANT'S OBJECTIONS TO THE DECEMBER 30, 2022 REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE JAMES M. WICKS**



**HINSHAW & CULBERTSON LLP**
**800 Third Avenue, 13th Floor**
**New York, NY 10022**
**(212) 471-6200 (Phone)**
**(212) 935-1166 (Facsimile)**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT PROCEDURAL HISTORY ................................................................................. 1

THE COMPLAINT AND PLAINTIFF'S ALLEGATIONS ....................................................... 1

ARGUMENT AND SPECIFIC OBJECTIONS .......................................................................... 2

    A.    Standard Of Review ................................................................................... 2

    B.    The R&R Erroneously Overlooks The Totality Of Plaintiff's Allegations And Alleged Damages .............................................................................. 3

        1.    New York Courts Have Held That Nearly Identical Complaints Were Sufficient At This Early Stage To Support Article III Standing ........................................................................................... 3

        2.    The R&R Disregards The Totality Of Plaintiff's Claims And Assertions Regarding Damages ................................................................ 4

    C.    The R&R Overlooks Defendant's Request For Plaintiff To Make A Substantive Representation On The Issue .................................................. 7

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anjani Sinha Med. P.C. v. Empire Healthchoice Assurance, Inc.*,
   No. 21-CV-138 (RPK) (TAM), 2022 U.S. Dist. LEXIS 60534 (E.D.N.Y. Mar.
   31, 2022) ...................................................................................................................................2

*Durden v. DNF Associates LLC*,
   1:22-cv-799 (W.D.N.Y. 2022) ....................................................................................................8

*E. Sav. Bank, FSB v. Robinson*,
   No. 13-cv-7308 (ADS)(SIL), 2016 U.S. Dist. LEXIS 72133 (E.D.N.Y. June 1,
   2016) ..........................................................................................................................................2

*Estate of Ellington v. Harbrew Imps. Ltd.*,
   812 F. Supp. 2d 186 (E.D.N.Y. 2011) ...................................................................................2, 3

*Hakobyan v. Midland Credit Management, Inc.*,
   1:22-cv-05609-BMC (E.D.N.Y. 2022) ..................................................................................7, 8

*Johnson v. AFNI Inc. et al.*,
   1:22-cv-02930 (S.D.N.Y. 2022) .................................................................................................8

*Johnson v. Hunter Warfield, Inc.*,
   No. 1:22-cv-00122, 2022 U.S. Dist. LEXIS 81419 (N.D.N.Y. May 5, 2022) ...................3, 4, 8

*Lodhi v. Jhpde Fin. 1, LLC*,
   No. 22-CV-05434 (JMA)(JMW), 2022 U.S. Dist. LEXIS 217769 (E.D.N.Y.
   Oct. 21, 2022) ........................................................................................................................5, 6

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*,
   19 F.4th 58 (2d Cir. 2021) ......................................................................................................5, 6

*Phillips v. I.C. System, Inc.*,
   1:22-cv-01016 (N.D.N.Y. 2022) ................................................................................................8

*Rucker et al v. IQ Data International, Inc.*,
   1:22-cv-00717 (S.D.N.Y. 2022) .......................................................................................3, 4, 8

**Statutes**

Fair Debt Collection Practices Act ......................................................................................3, 4, 5, 6

**Other Authorities**

FRCP 72(b)(3) .................................................................................................................................2

## PRELIMINARY STATEMENT

Defendant Grant & Weber, Inc. ("G&W" or "Defendant"), by its attorneys, Hinshaw & Culbertson LLP, respectfully submits the following Objections to the December 30, 2022 Report and Recommendation of the Honorable Magistrate Judge James M. Wicks (Dkt. No. 10), which recommends that the Court remand this action to the Suffolk County Supreme Court.

## RELEVANT PROCEDURAL HISTORY

On September 30, 2022, Plaintiff commenced this action by filing a Summons and Verified Complaint before the Supreme Court of the State of New York, County of Suffolk ("Complaint"). Defendant removed this action on October 27, 2022. (Dkt. No. 1).

On November 30, 2022, the Honorable Magistrate Judge James M. Wicks issued an Order to Show Cause directing Defendant to show cause as to why he should not recommend to this Court that this action be remanded for lack of subject matter jurisdiction ("OSC"). (*See* November 30, 2022 Electronic Order). Defendant timely responded to the OSC on December 7, 2022 ("Response"). (Dkt. No. 9). Plaintiff did not respond to the OSC or Defendant's Response.

On December 30, 2022, the Honorable Magistrate Judge James M. Wicks issued a *Sua Sponte* Report and Recommendation ("R&R"), recommending that this action be remanded because Defendant failed to establish that Plaintiff alleged a concrete, particularized injury. (Dkt. No. 10).

## THE COMPLAINT AND PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint attempts to allege claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., negligence, negligence per se, and libel. All of these claims appear to arise solely from Plaintiff's allegation that Defendant attempted to collect from Plaintiff $28,130, and falsely reported to Trans Union LLC - a consumer reporting agency ("CRA") - that Plaintiff is liable to Defendant for $28,130. (Dkt. No. 1-1, Complaint, ¶¶5-7).

The Complaint alleges that Defendant's conduct "caused Plaintiff costs, attorney's fees and emotional distress." (*Id*. at ¶10). Among other things, Plaintiff's Complaint also seeks actual damages, statutory damages, and punitive damages. (*Id*. at ¶13). After commencing this action, but prior to service on Defendant, Plaintiff's counsel sent Defendant a letter dated October 2, 2022[1] advising, among other things, that "Your conduct has caused my client significant damages, including delay in refinancing properties". (Dkt. No. 9-1). This allegation of significant damages, including specifics of such purported damages, was also reiterated by Plaintiff's counsel to the undersigned.

## ARGUMENT AND SPECIFIC OBJECTIONS

**A.** **Standard Of Review**

When reviewing a report and recommendation, "[a] district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review and 'may accept, reject, or modify, in whole or in part, the findings or recommendations.'" *Estate of Ellington v. Harbrew Imps. Ltd.*, 812 F. Supp. 2d 186, 190 (E.D.N.Y. 2011) *citing* 28 U.S.C. § 636(b)(1)(C); *see also* FRCP 72(b)(3). "In this regard, '*[d]e novo* review requires that the court 'give fresh consideration to those issues to which specific objections have been made' and 'examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions.'" *E. Sav. Bank, FSB v. Robinson*, No. 13-cv-7308 (ADS)(SIL), 2016 U.S. Dist. LEXIS 72133, at *5 (E.D.N.Y. June 1, 2016). A "judge may also receive further

---

[1] Since the issue of remand places subject matter jurisdiction at stake, the Court may consider materials outside the pleadings conveying information essential to this Court's jurisdictional analysis. *See, e.g.*, *Anjani Sinha Med. P.C. v. Empire Healthchoice Assurance, Inc.*, No. 21-CV-138 (RPK) (TAM), 2022 U.S. Dist. LEXIS 60534, at *4 (E.D.N.Y. Mar. 31, 2022) ("The court may also consider materials outside the pleadings, including 'documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis,' since remand places subject-matter jurisdiction at stake.")

2

evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

Where no objections to a report and recommendation are made, the district court need only review that there is no clear error on the face of the record. *Estate of Ellington*, 812 F. Supp. 2d 186, 190.

**B.    The R&R Erroneously Overlooks The Totality Of Plaintiff's Allegations And Alleged Damages**

  **1. New York Courts Have Held That Nearly Identical Complaints Were Sufficient At This Early Stage To Support Article III Standing**

As an initial matter, the R&R overlooks that district courts within New York have held that similar complaints filed by the exact same attorney representing Plaintiff here, which allege nearly identical claims and damages, were sufficient to support Article III standing at such an early stage of litigation. *See, e.g.*, *Johnson v. Hunter Warfield, Inc.*, No. 1:22-cv-00122, 2022 U.S. Dist. LEXIS 81419, at *3 (N.D.N.Y. May 5, 2022); *Rucker et al v. IQ Data International, Inc.*, 1:22-cv-00717 (S.D.N.Y. 2022) at Dkt. Nos. 32 and 35 at pp. 5-6.

For instance, in *Johnson*, the plaintiff - represented by the same attorney representing Plaintiff here - filed a complaint nearly identical to the Complaint here, alleging the defendant attempted to collect a debt from her that she does not owe, and improperly reported the debt to consumer reporting agencies, giving rise to claims under the FDCPA, defamation, negligence, and negligence *per se*. *Johnson*, 2022 U.S. Dist. LEXIS 81419, at *1-2. In denying the plaintiff's motion for remand, the Court held that the allegations in the Complaint were sufficient for Article III standing:

> Plaintiff's complaint not only alleges that defendant's conduct proximately caused her 'costs, loss of credit opportunities, and stress,' it also alleges that plaintiff is entitled to actual damages. Dkt. 1-1 ¶ 7. At the motion to dismiss stage, these allegations are sufficient for Article III standing.

3

> As Hunter Warfield notes, the complaint alleges actual harm and damages to plaintiff as a result of defendant's alleged actions, not merely legal injury. Plaintiff's allegations support a finding of Article III standing, and defendant has met its burden of establishing that removal was proper.

*Johnson*, No. 1:22-cv-00122, 2022 U.S. Dist. LEXIS 81419, at *3-4 (internal citations omitted).

Similarly, in *Rucker*, the Court denied the plaintiffs' motion to remand an action with a similar complaint, also filed by the same attorney representing Plaintiff here:

> Plaintiffs are seeking actual damages; the final paragraph of the complaint, in relevant part, states that plaintiffs 'demand a trial by jury and judgment against defendant for (a) actual damages.' Compl. at 1. Elsewhere in the complaint, plaintiffs allege that defendant's actions caused plaintiffs 'costs, loss of credit opportunities, and stress.' Id. ¶ 7. While these allegations are admittedly conclusory and certainly not a paragon of pleading, they are, nevertheless, allegations of actual harm that money damages can compensate. That is more than enough for Article III standing.
>
> Because plaintiffs' complaint alleges injuries-in-fact, defendant has met its burden of showing that plaintiffs have Article III standing and that this Court has jurisdiction over plaintiffs FDCPA claim.

*Rucker*, Case 1:22-cv-00717 (S.D.N.Y. 2022), Order at Dkt. No. 32, and Dkt. No.35, Transcript at pp. 5-6 (internal citation omitted).

Here, similar to *Johnson* and *Rucker*, Plaintiff's allegations here of actual harm that is compensable with money damages supports the inference, at the pleading stage, that Plaintiff has suffered a concrete injury that would give rise to Article III standing.

### 2. The R&R Disregards The Totality Of Plaintiff's Claims And Assertions Regarding Damages

In recommending remand of this action, the R&R erroneously disregards the totality of the assertions made regarding Plaintiff's claims and alleged damages.

The Complaint alleges that Defendant attempted to collect money from Plaintiff that he does not owe, and falsely reported to a CRA that Plaintiff is liable for such money. The Complaint further alleges that Defendant's conduct caused Plaintiff costs, attorney's fees and emotional distress, and seeks actual damages, statutory damages, and punitive damages. (Dkt. No. 1-1).

Further, after commencement of this action, but prior to service of the Complaint, Plaintiff's counsel sent Defendant a letter specifying that Defendant's conduct caused Plaintiff "significant damages", which specifically includes delay in refinancing properties. (Dkt. No. 9-1). In other words, Plaintiff's letter further specifies an actual harm or injury he purportedly suffered arising from Defendant's alleged conduct[2].

Although the R&R appears to acknowledge consideration of Plaintiff's letter to Defendant together with the Complaint, the R&R then cites to inapposite case law regarding conclusory allegations of injury and nebulous claims of emotional harm as insufficient to confer standing. (Dkt. No. 10 at pp. 4-5). For instance, the R&R cites to *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021) and *Lodhi v. Jhpde Fin. 1, LLC*, No. 22-CV-05434 (JMA)(JMW), 2022 U.S. Dist. LEXIS 217769, at *1 (E.D.N.Y. Oct. 21, 2022), *report and recommendation adopted*, No. 22-cv-5434(JMA)(JMW), 2022 U.S. Dist. LEXIS 216854 (December 1, 2022) for the proposition that conclusory allegations of injury, risk of future harm, and nebulous claims of emotional harm - "like the ones found in Plaintiff's Complaints" - are insufficient to support Article III standing. *Id*. However, these cases are different.

In *Maddox*, the United States Court of Appeals, Second Circuit, noted that the plaintiffs "may have suffered a nebulous risk of future harm during the period of" the Bank's delayed recording "i.e., a risk that someone (a creditor, in all likelihood) might access the record and act upon it", but the Court held that risk cannot form the basis of Article III standing because it was not alleged to have materialized. *Maddox*, 19 F.4th 58, 65. The Court further considered the

---

[2] To be clear, Defendant denies that it caused Plaintiff any harm, injury, or damage. Defendant also expressly denies that it violated the FDCPA or any other law, and considers Plaintiff's allegations to be baseless. This Court's jurisdiction, however, is not defeated simply by the possibility that the claims might fail to state a cause of action for which a party could actually recover.

5

plaintiffs allegation that the Bank's delayed filings adversely affected their credit during the relevant time, making it difficult to obtain financing <u>if</u> they needed it in an emergency or for a new home. However, the Court held this was insufficient for Article III standing because it was not alleged that the purported risk actually materialized. *Maddox*, 19 F.4th 58, 65 ("the Maddoxes contend that the Bank's delay adversely affected their credit during that time, making it difficult to obtain financing had they needed it in an emergency or for a new home. But it is not alleged that this purported risk materialized; so it is similarly incapable of giving rise to Article III standing.").

In *Lodhi*, the plaintiff alleged violations of the FCRA and FDCPA arising from alleged inaccurate credit reporting. *Lodhi*, 2022 U.S. Dist. LEXIS 217769, at *1. In the complaint, the plaintiff alleged he suffered actual damages, including impediments to plaintiff's ability to seek credit, damage to his creditworthiness and reputation, and emotional distress, further alleging that plaintiff may have also suffered direct credit harm arising from defendant's violations which plaintiff intends to inquire through discovery. *Lodhi*, No. 22-CV-05434 (JMA) (JMW), at Dkt. No. 1-2. Regarding the claim for emotional distress, the Court held that "[w]hile it is true that claims of mental and emotional distress can be considered actual damages in instances where, for example, a plaintiff specifically alleges resulting emotional distress from an actual denial of credit, nebulous claims of emotional harm resulting from an inaccurate credit score have been rejected by this Circuit." *Lodhi, LLC*, 2022 U.S. Dist. LEXIS 217769, at *5.

Here, however, unlike *Maddox* and *Lodhi*, it appears that Plaintiff is alleging more than just a risk of future harm or harm that has not materialized. Rather, Plaintiff alleges that Defendant's conduct caused Plaintiff, among other things, delay in refinancing properties. At this stage of the litigation, when viewing Plaintiff's express allegations in the Complaint together with

Plaintiff's letter to Defendant, it appears that Plaintiff is claiming that he has suffered a concrete injury for which Plaintiff now seeks to be compensated that would give rise to Article III standing.

C.  **The R&R Overlooks Defendant's Request For Plaintiff To Make A Substantive Representation On The Issue**

The R&R fails to address Defendant's request that Plaintiff should, at a minimum, be ordered to make a substantive representation on the issue.

Plaintiff, being the only party that has actual knowledge of the purported harm he has suffered – harm that he claims forms the basis for his claim of actual and "significant" damages – should, at a minimum, be compelled to further describe such harm prior to this Court making a final determination on the issue of Article III standing at this stage.

Notably, the Honorable Brian M. Cogan recently ordered a plaintiff to do just that in response to a pre-motion conference request regarding a motion to remand arising from a nearly identical complaint filed by the exact same attorney representing Plaintiff here. (*See Hakobyan v. Midland Credit Management, Inc.*, 1:22-cv-05609-BMC (E.D.N.Y. 2022), at September 27, 2022 Order: "ORDER deferring ruling on 8. Plaintiff cannot complain that he lacks standing, as his state court complaint in paragraph 8 expressly alleges a request for damages based on costs and denial of credit opportunities. If plaintiff wants to withdraw those allegations and pursue only statutory damages and attorneys' fees in the amended complaint, then the Court will remand the case for lack of jurisdiction. If plaintiff really intends to pursue those damages, then the Court needs to determine whether they are phony, and the Court will do that when plaintiff complies with the Order entered earlier today…").

Indeed, this would allow the Court to make an informed decision on the issue of standing, especially given the additional allegations of harm that Plaintiff has purportedly suffered – for

7

which Plaintiff's counsel has conveyed to Defendant and its counsel numerous times since commencement of this action.

Plaintiff's counsel routinely files complaints, similar to the one-page Complaint filed here, containing nearly identical bare-bone allegations[3]. Assuming, *arguendo*, that this Court finds that the Complaint is insufficient, without more, to support Article III standing at this stage, Plaintiff should not be permitted to artfully plead around this Court's jurisdiction (and removal), and then further elaborate on his alleged harm outside of the pleadings (i.e. through letters sent to Defendant and communications by Plaintiff's counsel to Defendant's counsel) without having to answer to the Court. These issues are germane to the issue of Article III standing.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the R&R be rejected, and that Defendant be granted such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         January 13, 2023

                                            HINSHAW & CULBERTSON LLP
                                            *Attorneys for Defendant*

                                            By:  *s/ Dana B. Briganti*
                                                  Dana B. Briganti
                                            800 Third Avenue, 13th Floor
                                            New York, New York 10022
                                            Tel: (212) 471-6200
                                            Fax: (212) 935-1166
                                            Email:  dbriganti@hinshawlaw.com

---

[3] *See, e.g.*, *Johnson v. Hunter Warfield, Inc.*, No. 1:22-cv-00122, 2022 U.S. Dist. LEXIS 81419, at *3 (N.D.N.Y. May 5, 2022); *Rucker et al v. IQ Data International, Inc.*, Case 1:22-cv-00717 (S.D.N.Y. 2022); *Hakobyan v. Midland Credit Management, Inc.*, 1:22-cv-05609-BMC (E.D.N.Y. 2022); *Roberts v. Monterey*, 1:22-cv-01076) (N.D.N.Y. 2022); *Durden v. DNF Associates LLC*, 1:22-cv-799 (W.D.N.Y. 2022); *Johnson v. AFNI Inc. et al.*, 1:22-cv-02930 (S.D.N.Y. 2022); *Phillips v. I.C. System, Inc.*, 1:22-cv-01016 (N.D.N.Y. 2022).